O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO GIRON, NICOLAS J. HERRERA, ORLANDO ANTONIO MENDEZ, on behalf of themselves and a class of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION LIMITED; HSBC BANK USA, N.A.; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 2:15-CV-08869-ODW (JCx)<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER FOR JURISDICTIONAL DISCOVERY [57, 60, 61]** |

Plaintiffs Ramiro Giron, Nicholas J. Herrera, and Orlando Antonio Mendez (collectively, "Plaintiffs") filed a putative class action against Defendants HSBC Bank USA, N.A. ("HSBC USA") and Hong Kong and Shanghai Banking Corporation Limited ("HBAP") for facilitating a Pyramid/Ponzi scheme. (Am. Class Action Compl. ("Compl."), ECF No. 15). On August 18, 2016, HBAP filed a Motion to Dismiss based in part on an assertion that this Court lacks personal jurisdiction over HBAP. (ECF No.

56.) In lieu of an Opposition, on August 25, 2016, Plaintiffs filed an *Ex Parte* Application seeking from the Court an Order pursuant to Rules 26, 34, 45 of the Federal Rules of Civil Procedure and Local Rules 7-19 and 17-19.1, permitting Plaintiffs to take limited jurisdictional discovery in this matter. (ECF No. 57.) Defendants HBAP filed an Opposition, asserting that Plaintiffs do not present any genuine emergency warranting *ex parte* relief and that jurisdictional discovery will not overcome the asserted lack of personal jurisdiction in their Motion to Dismiss. (ECF No. 58.) Plaintiffs filed a Reply. (ECF No. 61.) For the following reasons, the Court hereby DENIES Plaintiffs' Application.

It is within the Court's discretion whether to allow limited jurisdictional discovery. Such preliminary discovery is to be permitted where "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). As such, documents to be discovered through limited jurisdictional discovery must possess the potential to clarify controverted factual issues. In addition, contested facts must necessarily be relevant to the jurisdictional analysis.

The Ninth Circuit has established a three-part test to determine whether a defendant's contacts are sufficient for the exercise of specific personal jurisdiction. In order for a defendant to have sufficient contacts with the forum state to be subject to specific personal jurisdiction:

> The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.

*Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015).

This Court has found that personal jurisdiction over a defendant foreign bank is absent where there is no showing of a "strong nexus between the transaction in question,

defendant's activities in connection therewith and this State." *Trans-Continental Inv. Corp., S.A. v. Bank of Commonwealth*, 500 F.Supp. 565, 569 (C.D. Cal. 1980).

In their Application, Plaintiffs request leave to take limited jurisdictional discovery. However, Plaintiffs fail to demonstrate how this jurisdictional discovery would produce documents aiding a determination of factual issues pertinent to either the three-part *Picot* test or the "strong nexus" requirement used in *Trans-Continental Investment Corp.* This failure results from the lack of specificity and overbreadth of the Plaintiffs' request. As discussed in *Trans-Continental Investment Corp.*, Plaintiffs here must show that HBAP's activities in connection with this action took place in California. However, Plaintiffs do not demonstrate how such a request could help prove the existence of a "strong nexus" between the transactions at issue and HBAPs' activities in California. *See Trans-Continental Investment Corp.*, 500 F.Supp. at 569.

**IT IS SO ORDERED.**

September 7, 2016

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**