**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO GIRON; NICOLAS J. HERRERA; ORLANDO ANTONIO MENDEZ, on behalf of themselves and a class of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HONG KONG AND SHANGHAI BANKING CORPORATION, LIMITED; HSBC BANK USA, N.A., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No: 2:15-cv-08869-ODW-JC<br><br>**ORDER GRANTING MOTION TO DISMISS [56]** |

## I. INTRODUCTION

Plaintiffs Ramiro Giron, Nicholas J. Herrera, Orlando Antonio Mendez, and a class of others similarly situated accuse defendant banks of aiding and abetting fraud, aiding and abetting breach of fiduciary duty, and violation of California Business and Professions Code §§ 17200 *et seq*. (Third Amended Complaint ("TAC") 1, ECF No.

1

54.) The defendant banks are Hong Kong and Shanghai Banking Corporation Limited ("HSBC Hong Kong"), which is a Hong Kong Corporation with its principal place of business in Hong Kong, China, and HSBC Bank USA, N.A., ("HSBC USA"), which is a federally chartered bank headquartered in Virginia with its principal place of business in New York. (*Id.* ¶¶ 9—10.) Plaintiffs' Complaint states that this Court has personal jurisdiction over both defendants because "certain of them have business operations in this state, while others have sufficient minimum contacts with the state, and otherwise intentionally avail themselves of the markets of this state . . . ." (*Id.* ¶ 5.) The Complaint then lists various allegations of contacts between the defendant banks and the State of California. (*Id.* ¶ 5(a)—(q).)

Defendant HSBC Hong Kong disputes Plaintiffs' assertion that this Court has personal jurisdiction over it, and as such, it seeks to be dismissed from this case. (Motion to Dismiss ("Mot."), ECF No. 56.) HSBC Hong Kong also claims that Plaintiffs' Complaint fails for insufficient service of process. (Mot. 1.) After considering the merits of Plaintiffs' and HSBC Hong Kong's arguments, the Court **GRANTS** the Motion to Dismiss.[1]

## II. FACTUAL BACKGROUND

### A. The Underlying Pyramid/Ponzi Scheme

This case involves a pyramid scheme-type fraud. (TAC ¶ 1.) Phil Ming Xu founded the company World Capital Markets, Inc., and its affiliates (collectively, "WCM777") to commit a Pyramid/Ponzi scheme that scammed victims out of millions of dollars. (*Id.*) WCM777 was a pyramid scheme where investors would earn additional points or cash by referring new members. (*Id.* ¶ 22(e), (i).) WCM777 did not have any other sources of revenue apart from the constant recruitment of new members and solicited investor funds. (*Id.* ¶ 22(h), (j).)

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

On March 27, 2014, the Securities and Exchange Commission shut down Xu's operations for orchestrating the multi-level marketing scheme. (*Id.* ¶¶ 17.) On July 30, 2014, the Court ordered a consent judgment against Xu, requiring him to disgorge his ill-gotten gains. (*Id.* ¶ 22.)

When state regulators began investigating WMC777 in 2013, WCM777 directed its investors to wire their investments to HSBC Hong Kong instead of its U.S. bank accounts. (*Id.* ¶¶ 25—26.) Since October 2013, WCM777 deposited more than USD $37 million into its Hong Kong bank accounts. (*Id.* ¶ 24.) Starting in November 2013, regulators publicly shut down WCM777 state by state. (*Id.* ¶ 29.)

**B.     HSBC Hong Kong's Role and Contacts with California**

In December 2012, Defendant HSBC USA and parent company HSBC Holdings plc entered into a Deferred Prosecution Agreement with the Securities and Exchange Commission for failure to maintain an effective anti-money laundering system, whereby the parties agreed to implement a new automated monitoring system for wire transactions. (*Id.* ¶¶ 32—38.) Plaintiffs allege that even after entering into this Deferred Prosecution Agreement, HSBC USA served as the intermediary bank for wire transfers from victim investors of WCM777 to accounts at HSBC Hong Kong. (*Id.* ¶ 39.) HSBC Hong Kong opened an account for WCM777 in July of 2013, and that account received deposits connected to the WCM777 scheme. (*Id.* ¶¶ 31, 47.) At all relevant times, WCM777 was a Hong Kong corporation and was a subsidiary of World Capital Markets, Inc., a British Virgin Islands corporation. (*Id.* ¶ 48.) Plaintiffs' Complaint contains various allegations made on "information and belief," including that HSBC Hong Kong knew the British Virgin Islands was a jurisdiction of primary concern for money laundering, knew that WCM777 offered investments, and knew that the source of funds for WCM777's account would largely consist of U.S. Dollars from the United States. (*Id.* ¶¶ 52, 55, 56.)

Also in claiming that this Court has jurisdiction over HSBC Hong Kong, Plaintiffs' Complaint alleges that HSBC Hong Kong maintains a website,

"http://www.hsbc.com.hk," which is hosted and stored on computer servers physically located within California and New York for the purpose of providing faster response times to website visitors accessing the website within the United States. (*Id.* ¶ 5(a)—(e).) The website allows customers in California (or elsewhere outside of Hong Kong) to conduct online banking. (*Id.* ¶ 5(d).) The Complaint also alleges ties between HSBC Hong Kong and the larger global brand, the HSBC Group. (*Id.* ¶ 5(k).) In addition, the Complaint states that HSBC USA maintained a correspondent account for HSBC Hong Kong at all relevant times. (*Id.* ¶ 34.) The issue of whether these allegations constitute sufficient ties for the exercise of personal jurisdiction over Defendant HSBC Hong Kong is now before the Court for consideration.

### III.  LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint need only satisfy the minimal notice pleading requirements of FRCP Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). In reviewing a 12(b)(6) motion, a court is generally limited to the pleadings and must accept all factual allegations pleaded in the complaint as true in the light most favorable to the plaintiff. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where the aspect of the claim at issue is jurisdiction, as is the case here, the short and plain statement must establish the necessary jurisdictional facts, including the existence of sufficient "minimum contacts" between the defendant and the forum state. *See Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). The Ninth Circuit has established a three-part test to determine whether a defendant's

contacts are sufficient for the exercise of specific personal jurisdiction. In order for a defendant's contacts with the forum state to be sufficient for the exercise of specific personal jurisdiction,

> The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.

*Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). This Court has found that personal jurisdiction over a defendant foreign bank is absent where there is no showing of a "strong nexus between the transaction in question, defendant's activities in connection therewith and this State." *Trans-Continental Inv. Corp., S.A. v. Bank of Commonwealth*, 500 F.Supp. 565, 569 (C.D. Cal. 1980).

As a general rule, a court should freely give leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a). But a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

Far from the kind of purposeful contacts that are required for the assertion of personal jurisdiction over a foreign defendant, the allegations of HSBC's California contacts only reflect passive activities. First, the alleged conduct itself (a foreign bank maintaining deposit accounts in a foreign country and accepting deposits in that country) took place in Hong Kong. (TAC ¶ 9, 24.) The "act" of a foreign bank maintaining accounts and receiving deposits in them is not an activity directed to any other nation or jurisdiction, and it does not rise to the level of purposeful availment described in *Picot*. 780 F.3d at 1211. The court in *Picot* elaborated on this point, defining the meaning of an "intentional" or "purposeful" act for the jurisdictional

5

1  analysis as one that a defendant carries out "with the intent to perform an actual,
2  physical act in the real world." *Id.* at 1214 (internal quotations omitted).  Here, the
3  passive act of receiving deposits, without more, does not meet this intentional act standard.  *See id.*

4  Plaintiffs' Complaint alleges additional contacts between HSBC Hong Kong and California, but they are not sufficiently related to the specific conduct giving rise to Plaintiffs' claims.  As was the case in *Trans-Continental Investment*, this Court requires that there be a "strong nexus" between the transaction in question and the defendant's activities in the forum state in order to exercise personal jurisdiction.  *See* 500 F.Supp. at 569.  Specifically, the *Trans-Continental Investment* Court did not find that the defendant bank's correspondent relationship with a bank having California employees and branches was enough to subject the defendant bank to personal jurisdiction in California.  *See id.* at 568—69.  Here, too, the correspondent account relationship between HSBC Hong Kong and HSBC USA lacks the requisite "strong nexus" between the transaction in question and HSBC Hong Kong's activities.  *See id.* at 569.  (TAC ¶ 34.)  The allegations that computer servers physically located within California host HSBC Hong's website are similarly attenuated and do not suggest a strong nexus between the fraudsters' deposits and HSBC Hong Kong's actions.  (*See* TAC ¶ 5(e).)  Plaintiffs fail to allege any suit-related activity on HSBC Hong Kong's part in California; the Complaint mentions only passive activity that will not serve the purpose of conferring personal jurisdiction over HSBC Hong Kong.

Regarding HSBC Hong Kong's argument that it was never properly served, the Court declines to reach the issue.  Regardless of whether service was effective, this Court has no jurisdiction over Defendant HSBC Hong Kong.

Finally, the Court declines to give Plaintiffs leave to amend their Complaint or leave to conduct jurisdictional discovery.  It is well established that a court need not grant jurisdictional discovery in the context of a Rule 12(b)(6) Motion where such a request is based on speculative allegations and would subject a defendant to a "fishing

expedition" in the hunt for relevant evidence. *See, e.g.*, *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 (1982); *Barantsevich v. VTB Bank*, 954 F.Supp.2d 972, 996 (C.D. Cal. 2013). Here, Plaintiffs have already amended their Complaint multiple times, submitted an unsupported and unsuccessful ex parte Application to conduct jurisdictional discovery, and provided only a conclusory list of documents they suspect might yield jurisdictionally relevant facts in this Motion. As such, the Court denies leave to amend or to conduct jurisdictional discovery.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Motion **WITH PREJUDICE** as to Defendant HSBC Hong Kong.

**IT IS SO ORDERED**.

October 21, 2016

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**