Peter C. Ward, Esq., SBN 126459
Christopher H. Hagen, Esq., SBN 179529
Steven M. Nuñez, Esq., SBN 185421
**WARD & HAGEN, LLP**
440 Stevens Avenue, Suite 350
Solana Beach, California 92075
Telephone:   (858) 847-0505
Facsimile:   (858) 847-0105


Julio J. Ramos, Esq., SBN 189944
**LAW OFFICES OF JULIO J. RAMOS**
35 Grove Street, Suite 107
San Francisco, California 94102
Telephone:   (415) 948-3015
Facsimile:   (415) 469-9787

*Attorneys for Plaintiffs Ramiro Giron Nicolas J. Hererra and Orlando Antonio Mendez.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO GIRON, NICOLAS J. HERRERA, ORLANDO ANTONIO MENDEZ, on behalf of themselves and a class of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>HONG KONG AND SHANGHAI BANK COMPANY, LTD, a foreign company; HSBC BANK USA, N.A., a national banking association; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 2:15-cv-08869-ODW-JCx<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE AND EXCLUDE UNDISCLOSED EVIDENCE OFFERED BY DEFENDANT PURSUANT TO FED. R. CIV. P. 37(c)(1)**<br><br>**Hearing Date: November 13, 2017<br>Hearing Time: 1:30 p.m.<br>Courtroom 5D** |

1

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE AND EXCLUDE UNDISCLOSED
EVIDENCE OFFERED BY DEFENDANT PURSUANT TO FED. R. P. 37(c)(1)

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Please take notice that on November 13, 2017 at 1:30 p.m. or as soon thereafter as the matter may be heard, before the Honorable Otis D. Wright II in Courtroom 5D, Fifth Floor of the United States District Court, Central District of California, located at 350 W. 1st Street, Los Angeles, CA 90012, Plaintiffs RAMIRO GIRON, NICOLAS J. HERRERA, ORLANDO ANTONIO MENDEZ will and hereby do move for Rule 37(c)(1) sanctions precluding Defendant HSBC BANK USA, N.A. ("HSBC USA") from offering (i) the Declaration of Steve Mulligan (Dkt. 136) (ii) the Declaration of Paul M. Khareyn (Dkt 136), and (iii) any previously undisclosed transaction reports relied upon by Mr. Mulligan and Mr. Khareyn in making their declarations, all offered in support of Defendant's Motion of Summary Judgment. (Dkt. 137.)

Preclusion is warranted by Defendant's reliance on previously undisclosed transaction reports in making the declaration of Mr. Mulligan because Defendant previously refused to produce those transaction reports in response to Plaintiffs' Request for Production No. 2 pursuant to FRCP 34. Defendant represented to this Court that a spreadsheet, created by Defendant, would adequately address Plaintiffs' request. The Court agreed and allowed Defendant to withhold the documents. Defendant now seeks to use those same documents as the basis for Mr. Mulligan's declaration.

Preclusion is also warranted because Mr. Khareyn, who was designated and produced as the FRCP 30(b)(6) witness by Defendant, had obviously not reviewed even the most basic information available to the company prior to his deposition and now has provided evidence in his declaration that is contradictory to his deposition testimony.

This Motion is made pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure. This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Steven M. Nuñez, the pleadings on file, such other

///

2

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE AND EXCLUDE UNDISCLOSED EVIDENCE OFFERED BY DEFENDANT PURSUANT TO FED. R. P. 37(c)(1)**

matters of which this Court must or may take judicial notice, and such arguments as may be considered by the Court at the hearing on this Motion.

No meet and confer prior to filing this Motion was required. *See Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) ("Any local rule requiring a conference prior to the court's imposition of sanctions under Rule 37(c) would be inconsistent with Rule 37(c), and therefore, unenforceable."); *see also Operation Tech. Inc. v. CYME Int'l T & D Inc.*, No. SACV 14-00999-JLS (DFMx), 2015 WL 12912335, at *1 (C.D. Cal. Oct. 7, 2015) (moving party not required to meet and confer under Local Rule 7-3); *Lawrence Crane Enters. Inc. v. Abrams*, No. C 11-07797-DMG (AGRx), 2012 WL 12884850, at *1 (C.D. Cal. Nov. 14, 2012) ("no pre-motion meeting required pursuant to Local Rule 37-1").

Respectfully Submitted,

**WARD & HAGEN LLP**

Dated: October 16, 2017

By: /s/Steven M. Nuñez
Steven M. Nuñez, Esq.
*Attorney for Plaintiff*

JULIO J. RAMOS, Esq. SBN. 189944
LAW OFFICES OF JULIO J. RAMOS
35 Grove Street, Suite 107
San Francisco, California 94102
Telephone: (415) 948-3015
Facsimile: (415) 469-9787

# TABLE OF CONTENTS

Page(s)

I. SUMMARY ........................................................... 4

II. IN FILING THEIR MOTION FOR SUMMARY JUDGMENT, HSBC IS RELYING ON DOCUMENTS THEY PREVIOUSLY REFUSED TO PRODUCE ............................................. 5

    A. Plaintiffs Requested Documents From HSBC ............ 5

    B. A Discovery Dispute Arose ............................ 5

    C. HSBC Now Seeks to Use The Unproduced Underlying Records As Evidence ................................... 8

III. THE DECLARATION OF PAUL KHAREYN CONTRADICTS HIS TESTIMONY GIVEN AT HIS 30(b)(6) DEPOSITION .... 9

IV. LEGAL STANDARD ............................................ 10

    A. HSBC Has No Substantial Justification for Its Use of Documents and Change of 30(b)(6) Testimony .......... 12

    B. HSBC's Failure to Disclosure is Not Harmless ............... 12

V. PRECLUSION IS THE APPROPRIATE REMEDY .......... 13

VI. CONCLUSION ................................................. 13

i

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE AND EXCLUDE UNDISCLOSED EVIDENCE OFFERED BY DEFENDANT PURSUANT TO FED. R. P. 37(c)(1)

# TABLE OF AUTHORITIES

**Cases**                                                                                                     Page(s)

*Bottoni v. Sallie Mae, Inc.*
    No. 10–03602 LB, 2012 WL 8304347 (N.D.Cal. June 1, 2012) . . . . . 6

*Currie– White v. Blockbuster, Inc.*
    No. C 09– 2593 MMC (M EJ), 2010 WL 1526314, at *4
    (N.D.Cal. April 15, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Drnek v. Variable Annuity Life Ins. Co.*
    261 F. App's 50, 51 (9th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . 13

*Giard v. Burlington N. Santa Fe Ry. Co.*
    No. CV-12-113- BLG-SHE, 2014 WL 37687, at *6
    (D. Mont. Jan. 6, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Hoffman v. Constr. Protective Servs., Inc.*
    541 F.3d 1175, 1179 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . 3

*Holman v. Experian Info Solutions, Inc.*
    No. C 11–0180 CW, 2012 U.S. Dist. LEXIS 59401, at *48,
    2012 WL 1496203 (N.D.Cal. Apr. 27, 2012) . . . . . . . . . . . . . . . . . . 6

*Lawrence Crane Enters. Inc. v. Abrams*
    No. C 11-07797-DMG (AGRx), 2012 WL 12884850, at *1
    (C.D. Cal. Nov. 14, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Neilson v. Union Bank of Cal. N.A*
    290 F.Supp.2d 1101, 1120-1121. . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Ollier v. Sweetwater Union High Sch. Dist.*
    768 F.3d 843 at 863 (9th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . 13

*Operation Tech. Inc. v. CYME Int'l T & D Inc.,*
    No. SACV 14-00999-JLS (DFMx), 2015 WL 12912335, at *1 1
    (C.D. Cal. Oct. 7, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Oppenheimer Fund, Inc. v. Sanders,*
    437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978) . . . . . . 7

*Payne v. Exxon Corp.,*
    121 F.3d 503, 508 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Putnam v. Eli Lilly & Co.,*
    508 F.Supp.2d 812, 814 (C.D.Cal.2007) . . . . . . . . . . . . . . . . . . . . 6

*Wong v. Regents of University of Cal.,*
    410 F.3d 1052, 1062 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . 12

*Yeti by Molly Ltd. v. Deckers Outdoor Corp.*
    259 F.3d 1101, 1106 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . 11, 13

ii

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE AND EXCLUDE UNDISCLOSED
EVIDENCE OFFERED BY DEFENDANT PURSUANT TO FED. R. P. 37(c)(1)

**Rules**

| | |
|---|---|
| Federal Rules of Civil Procedure 26 (a)(1)(A)(i)-(ii) and (e) | 4, 11 |
| Fed. R. Civ. P. 26(b) | 7, 10 |
| Fed. R. Civ. P. 26(b)(1) | 7 |
| Federal Rules of Civil Procedure 30(b)(6) | 2, 4, 9, 11-13 |
| Fed. R. Civ. P. 34(a) | 11 |
| Fed. R. Civ. P. 34(a)(1)(A) | 11 |
| Rule 34(b) | 11 |
| Fed. R. Civ. P. 34(b)(2)(A) | 11 |
| Rule 37(a) | 11 |
| Fed. R. Civ. P. 37(a)(1) | 11 |
| Fed. R. Civ. P. 37(c) | 13 |
| Rule 37(c)(1) | 2, 5, 11, 12, 13 |

iii

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE AND EXCLUDE UNDISCLOSED EVIDENCE OFFERED BY DEFENDANT PURSUANT TO FED. R. P. 37(c)(1)**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY

Defendant HSBC BANK USA, N.A ("HSBC USA") violated Federal Rules of Civil Procedure by failing to disclose Mr. Steve Mulligan's identity in Defendant's initial disclosures in violation of Federal Rules of Civil Procedure 26, subsections (a)(1)(A)(i)-(ii) and (e) until the days leading up to the filing of their Motion for Summary Judgment. Plaintiffs had no knowledge of this potential evidence offered in the Declaration of Steve Mulligan (or that Defendant would use it to support a Motion for Summary Judgment) until Defendant filed its motion on September 25, 2017. In addition, Mr. Mulligan provides testimony that contradicts the testimony provided by HSBC USA's FRCP 30(b)(6) corporate representative, Paul Kareyn.

Mulligan declares that he looks to a spreadsheet that was created by HSBC, and relied on the testimony of Khareyn about a Wolf Filter transactions block. Mulligan then looks at the underlying transaction documents to say that transactions that say "processed" on the spreadsheet were actually cancelled. The problem is, Plaintiffs requested these same underlying documents via their "Request for Production of Documents Pursuant to Rule 34, Set One to Defendant HSBC USA" on December 9, 2016. Plaintiffs asked for the underlying documents and HSBC USA produced only the spreadsheet. Plaintiffs brought a motion to compel and HSBC USA opposed producing the underlying documents because the spreadsheet reflected everything claiming that Plaintiffs didn't need those underlying documents. The Court ruled in favor of HSBC USA and the Defendant only had to produce the full spreadsheet. Now HSBC has a previously undisclosed witness review and provide evidence based on the underlying documents they refused to produce in order to testify.

Defendant HSBC USA also violated Federal Rules of Civil Procedure 30(b)(6) by including a declaration from Paul Khareyn with new evidence that contradicts the testimony he gave as the designated representative of HSBC USA in response to Plaintiffs' FRCP 30(b)(6) notice.

1  Plaintiffs are therefore moving to strike under Rule 37(c)(1): (i) the Declaration
2  of Steve Mulligan (Dkt. 136) (ii) the Declaration of Paul M. Khareyn (Dkt 136), and
3  (iii) any previously undisclosed transaction reports relied upon by Mr. Mulligan and
4  Mr. Khareyn in making their declarations, all offered in support of Defendant's Motion
5  of Summary Judgment. (Dkt. 137.)

## II. IN FILING THEIR MOTION FOR SUMMARY JUDGMENT, HSBC IS RELYING ON DOCUMENTS THEY PREVIOUSLY REFUSED TO PRODUCE

Plaintiffs filed this class action lawsuit against HSBC USA and former defendant the Hong Kong and Shanghai Banking Corporation Limited ("HSBC Hong Kong"). Plaintiffs subsequently amended the complaint on three occasions, and filed the operative Third Amended Complaint on July 28, 2016. Plaintiffs allege HSBC USA aided and abetted a Ponzi scheme-style fraud perpetrated by "WCM777" by serving as the intermediary or correspondent bank through which many victims and putative class members wired money to WCM777's HSBC Hong Kong accounts.

### A. Plaintiffs Requested Documents From HSBC

Plaintiffs served a "Request for Production of Documents Purusant to Rule 34, Set One to Defendant HSBC USA" on December 9, 2016. The request was as follows:

*"**REQUEST FOR PRODUCTION NO. 2:***

*All documents relating to electronic funds transfers to accounts at HONG KONG AND SHANGHAI BANKING CORPORATION, LIMITED for Agape Technology Ltd., WCM777 Ltd., Phil Ming Xu, ToPacific Ltd., Manna Techology Ltd., World Capital Market Group Ltd., World Capital Market Holding Ltd., World Cloud Media Ltd., and Xu Suoshong, account numbers: 817677826838, xxxxxxxx0838, xxxxxxxx2838, xxxxxxxx7838, xxxxxxxx5838, xxxxxxxx4838, xxxxxxxx8888."*

### B. A Discovery Dispute Arose

Defendants filed a letter brief on April 25, 2017, objecting to the production of any information under Request for Production No. 2. (Dkt. 97.) The parties attended an

5

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE AND EXCLUDE UNDISCLOSED EVIDENCE OFFERED BY DEFENDANT PURSUANT TO FED. R. P. 37(c)(1)

informal discovery conference before the Hon. Jacqueline Chooljian on April 26, 2017. (Dkt. 99.)

Following that conference, the parties met and conferred again and filed a Joint Stipulation Plaintiff's Motion to Compel Discovery and Request for Sanctions on May 29, 2017. (Dkt. 100.) The parties laid out their arguments for and against production of the underlying transaction records in this brief.

Plaintiffs argued that the request was relevant and necessary in the context of this class action:

> "The basis for withholding is unclear. Plaintiffs seek the full disclosure of these policies and procedures without redaction and as kept in original form. In the banking context, atypical banking procedures or transactions lacking business justification may help give rise to the conclusion that a bank had actual knowledge of the specific wrongdoing in question. *Neilson v. Union Bank of Cal. N.A.*, 290 F.Supp.2d 1101, 1120-1121."

> "With respect to Request No. 2, the Defendant has not produced any documents other than a compilation that purports to identify transactions to only a single account. The Defendant is unwilling to produce the unredacted version of the compilation, has not produced the compilation in original form, has not authenticated it and has not produced any documents to the other accounts identified as related to the scheme. Numerous courts in this circuit —have also allowed precertification discovery of putative class members' confidential information subject to a protective order, without requiring prior notice to the putative class members. *Holman v. Experian Info Solutions, Inc.*, No. C 11–0180 CW, 2012 U.S. Dist. LEXIS 59401, at *48, 2012 WL 1496203 (N.D.Cal. Apr. 27, 2012); *see also Bottoni v. Sallie Mae, Inc.*, No. 10–03602 LB, 2012 WL 8304347 (N.D.Cal. June 1, 2012) (recognizing that—ordinarily, protective orders are enough, absent —special privacy concerns); *see also Currie– White v. Blockbuster, Inc.*, No. C 09– 2593 MMC (M EJ), 2010 WL 1526314, at *4 (N.D.Cal. April 15, 2010) (holding that a protective order is sufficient to address the privacy issues regarding employer's disclosure of employees' contact information in precertification discovery); *Putnam v. Eli Lilly & Co.*, 508 F.Supp.2d 812, 814 (C.D.Cal.2007) (in like circumstances, recognizing that —a protective order can strike the appropriate balance between the need for information and privacy concerns.)

Pursuant to Federal Rule of Civil Procedure 26(b), parties may obtain discovery regarding any matter that is not privileged and is relevant to the claim or defense of any party involved in the pending action. Fed. R. Civ. P. 26(b)(1). A "relevant matter" under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978) (citation omitted)." (Joint Brief, Pg 6-7, Dkt. 100.)

Defendants argued to the Court that they were only obligated to produce a spreadsheet, created for the purposes of this litigation, with some of the information about transactions requested and that they should not be compelled to produce the underlying documents.

> *"HBUS has offered to produce the complete spreadsheets of wire transfers for the account identified in Plaintiffs' Request for Production No. 2, plus the account numbers Plaintiffs' counsel emailed, with only the names of the wire originators redacted. Plaintiffs are not entitled to these names because the only conceivable purpose of this information is a prohibited one: fishing for replacement class representatives."* (Joint Stip, Pg. 16-17, Dkt 100.)

A hearing was held on June 20, 2017 before the Hon. Jacqueline Choolijian, where Defendants again reiterated their position that the documents were only being sought for non-relevant purposes. The Court ruled at that hearing:

*"(b) as to Request for Production No. 2, the court: (i) granted in part and denied in part Plaintiffs' Motion; (ii) ordered defendant – within fourteen (14) days absent further order of the court – to produce unredacted spread sheets for the seven accounts referenced in the request;"* (Minutes dated 06/20/17, Dkt. 108.)

As a result of the Court's order, the spreadsheet was produced and HSBC USA did not produce any of the requested underlying reports.

///
//
///

7
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE AND EXCLUDE UNDISCLOSED
EVIDENCE OFFERED BY DEFENDANT PURSUANT TO FED. R. P. 37(c)(1)

### C. HSBC Now Seeks to Use The Unproduced Underlying Records As Evidence

Attached to its Motion for Summary Judgment, HSBC filed the Declaration of Steve Mulligan. Within that declaration, Mr. Mulligan states:

> "2. I have reviewed HBUS wire transfer records relating to transfers to an account at Hong Kong and Shanghai Banking Corporation Limited. (Hong Kong) ("HBAP") owned by an entity called WCM777 Limited, account number 817677826838, including a spreadsheet of wire transfers that may have been directed to this account. I have analyzed the wire transfer transactions on the spreadsheet that were processed or sent to HBUS for processing on or after December 3, 2013." (Dec. of Mulligan ¶2.

And in ¶4, Mr. Mulligan states:

> "Out of the 199 unique transactions, 47 were "cancelled." That means the transaction was not processed; the transfer requests wired electronically to HBUS were returned to the bank that originated the wire transfer. Based on the HBUS records, these transactions were "caught" in or identified by the filter and were cancelled by HBUS personnel." (Dec. of Mulligan ¶4.)

So HSBC USA is now seeking to introduce evidence from Mr. Mulligan based on his interpretation of the original records.

At best, this is a situation where counsel for HSBC USA has realized that the underlying records truly are relevant to this case after having their representative deposed and seeing Plaintiff's Motion for Class Certification. At worst, this is another example of counsel purposefully and deceptively withholding information and then using it to their own benefit when it suits their case. Plaintiffs leave it to the Court to decide the underlying motivations.

Plaintiffs do request that the Court strike the Declaration of Steve Mulligan and preclude any use of the underlying reports as evidence.

///

///

///

### III. THE DECLARATION OF PAUL KHAREYN CONTRADICTS HIS TESTIMONY GIVEN AT HIS 30(b)(6) DEPOSITION

Plaintiffs served a deposition notice on HSBC under Rule 30(b)(6). Rule 30(b)(6) states that "The persons designated must testify about information known or reasonably available to the organization." Defendants met and conferred on the notice and Plaintiffs agreed to amend and eventually set a date for the deposition on July 28, 2017. Mr. Paul Khareyn appeared for deposition to address the topic of "Correspondent Banking Fraud Detection as HSBC USA's [sic] during the period of 2013-2014."

The following questioning took place:

"Q. Back on the record. We left off asking about when, if at any time, did HBUS – I would use that term – blocked the wire transfer ability and correspondent banking access from HSBC Hong Kong's customer WCM777, and my question had been, did you recall a date when that took place, and I'll ask it again: Do you recall a date when that blockage occurred:

A. They were placed on the filter in December of 2014. I don't recall the precise date.

Q. Is there any documentation that you know of or are aware of that would indicate that HSBC USA placed WCM777 on a filter that you're aware of?

A. I am not familiar.

Mr. Richter: I wish we did.

By Mr. Ramos: Q. So you're saying no?

A. yes.

Q. So we're clear: There's no documentation that exists indicating that HBUS placed a filter on the wire transfer ability of WCM777?

A. I am not familiar with any document that states that..."

Depo of Khareyn; p. 210 ln 12 – 211 ln 14.

"Q. And how did you come across the understanding that this committee had place a block on the WCM777 ability to transfer funds to HSBC Hong Kong.

1    A. It was based on my understanding, information and research conducted by
2  our – by attorneys.
3    Q. Okay. This is not information that you have obtained from any employees at
4  HSBC?
5    A. No.
6    Q. Okay. And did the attorneys show you any documents to come to this
7  understanding?
8    A. No. We just – I reviewed the -- I had seen the account activity. This did."
9    Depo of Khareyn; p. 213 ln 6 – 23.
10   So Mr. Khareyn is testifying that his understanding was there are no
11 documents showing that a filter was placed by HSBC on the WCM777 accounts.
12 And his understanding comes from research done by his attorneys.
13   Following his deposition, Mr. Khareyn signed this declaration filed with
14 Defendant's Motion for Summary Judgment which now provides details on exactly
15 when and where a filter was supposedly placed on the WCM77 accounts based on his
16 own review of the same documents Mr. Mulligan has relied on. See ¶ 12, 13, 14, 15,
17 & 16. These are the same documents that were fought over and withheld by HSBC.
18 Defendant should not now be able to benefit from producing this evidence.

19 **IV.    LEGAL STANDARD**
20   "A party may serve on any other party a request within the scope of Rule
21 26(b):
22   (1) to produce and permit the requesting party or its representative to inspect,
23 copy, test, or sample the following items in the responding party's possession,
24 custody, or control:
25   (A) any designated documents or electronically stored information…
26   "The party to whom the request is directed must respond in writing within 30
27 days after being served or — if the request was delivered under Rule 26(d)(2) —
28

*within 30 days after the parties' first Rule 26(f) conference."* Fed. R. Civ. P. 34(a)(1)(A) & 34(b)(2)(A).

*"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."* Fed. R. Civ. P. 37(a)(1).

Plaintiffs made their Request for Production per Rule 34(a). Defendants objected and did not produce the requested documents as required by Rule 34(b). Plaintiffs met and conferred several times, including via an informal discovery conference held before this Court on April 26, 2017.

Plaintiffs then moved, via Joint Stipulation Plaintiff's Motion to Compel Discovery and Request for Sanctions, to compel the documents under Rule 37(a). Defendants argued that the underlying reports should not be produced, and that the spreadsheet assembled by counsel would be sufficient to provide the information requested by Plaintiffs. The Court agreed and only required that the spreadsheet be produced.

Then, following responses given in the 30(b)(6) deposition, and following the filing date of Plaintiff's Motion for Class Certification, HSBC has now decided that the underlying documents are necessary to their case. And not only are they now relying on the documents, their own witness, Mr. Khareyn has provided contradictory testimony since his deposition.

Pursuant to Rule 37(c)(1), "[i]f a [defendant] fails to [disclose or supplement] information or identify a witness as required by Rule 26(a) or (e), the [defendant] is *not allowed to use* that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added). Courts have broad discretion to issue these sanctions. *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (giving

11

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE AND EXCLUDE UNDISCLOSED EVIDENCE OFFERED BY DEFENDANT PURSUANT TO FED. R. P. 37(c)(1)**

"particularly wide latitude to the district court's discretion" to issue Rule 37(c)(1) sanctions).

### A. HSBC Has No Substantial Justification for Its Use of Documents and Change of 30(b)(6) Testimony

HSBC had an obligation to disclose and produce all relevant documents. HSBC has no substantial justification for their failure to identify the Undisclosed Evidence until they moved for Summary Judgment, especially since they specifically fought to keep this information protected from disclosure before this Court. They should not now be rewarded with a litigation advantage because they suddenly realize the evidence needed to defend their case might be the very evidence they refused to disclose only months ago.

### B. HSBC's Failure to Disclose is Not Harmless

Plaintiffs have asked for these documents leading up to filing the Motion for Class Certification. Plaintiffs asked deposition questions of Mr. Khareyn with the understanding that Defendants had met their obligations to prepare for the deposition under Rule 30(b)(6). The entire policy behind these disclosure rules is that both parties have the same set of facts and can then make the appropriate legal motions based on those facts.

Plaintiffs have now already filed their Motion for Class Certification and are facing an opposition to a Motion for Summary Judgment based brand new evidence that was previously requested and not disclosed. Defendants' delayed disclosure "therefore deprived [Plaintiffs] of any meaningful opportunity to follow up on that information, or to incorporate it into their litigation strategy" for the deposition of Mr. Khareyn. *Payne v. Exxon Corp.*, 121 F.3d 503, 508 (9th Cir. 1997).

As Defendants are fond of mentioning, the Court could continue the class certification hearing further to provide additional time for discovery. But "[d]isruption to the schedule of the [Court and parties] in [that] manner is not harmless." *Wong v. Regents of University of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005) (failure to disclose was not harmless "even though the ultimate trial date was still months away"); *see also*

12

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE AND EXCLUDE UNDISCLOSED EVIDENCE OFFERED BY DEFENDANT PURSUANT TO FED. R. P. 37(c)(1)

*Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843 at 863 (9th Cir. 2014). ("A party may be able to scramble to make up for the delay, but last-minute discovery may disrupt other plans."); *Giard v. Burlington N. Santa Fe Ry. Co.*, No. CV-12-113- BLG-SHE, 2014 WL 37687, at *6 (D. Mont. Jan. 6, 2014) ("Although the Court can permit [moving party] to conduct further discovery at BNSF's expense," disruption to the case schedule would not be harmless.).

HSBC's failure to disclose was neither substantially justified nor harmless, Rule 37(c) sanctions are appropriate.

## V. PRECLUSION IS THE APPROPRIATE REMEDY

Rule 37(c)(1) mandates preclusion under these circumstances. See Fed. R. Civ. P. 37(c)(1) ("not allowed to use [the undisclosed] information"); *Yeti by Molly Ltd.*, 259 F.3d at 1106 (Rule 37 "is a recognized broadening of the sanctioning power. . . . a 'self-executing,' 'automatic' sanction to 'provide a strong inducement for disclosure of material.'" (citations omitted)). The purpose of Rule 37(c)(1) is to "give[] teeth to Rule 26's] requirements by forbidding the use . . . of any information required to be disclosed . . . that is not properly disclosed." *Yeti by Molly Ltd.*, 259 F.3d at 1106; see also *Ollier*, 768 F.3d at 861. Here, Defendant's unjustifiable failure to provide the underlying documents, the name of Mr. Mulligan, and actual answers from Mr. Khareyn until the day they filed the Motion for Summary Judgment warrants automatic preclusion from consideration on Defendant's Motion for Summary Judgment. A finding of willfulness, fault, or bad faith is generally not required for Rule 37(c) sanctions. See Yeti by Molly Ltd., 259 F.3d at 1106; *Drnek v. Variable Annuity Life Ins. Co.*, 261 F. App's 50, 51 (9th Cir. 2007) ("Willfulness, fault, or bad faith is not required for Rule 37(c) sanctions."). Preclusion is thus appropriate.

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court issue Rule 37(c)(1) sanctions precluding HSBC USA from offering (i) the declaration of Declaration of Steve Mulligan, (ii) the declaration of Paul M. Khareyn, and (iii) any

previously undisclosed transaction reports relied upon by Mr. Mulligan in making his declaration in support of their Motion for Summary Judgement.

Respectfully Submitted,

**WARD & HAGEN LLP**

Dated: October 16, 2017

By: /s/Steven M. Nuñez
Steven M. Nuñez, Esq.
*Attorney for Plaintiff*

JULIO J. RAMOS, Esq. SBN. 189944
LAW OFFICES OF JULIO J. RAMOS
35 Grove Street, Suite 107
San Francisco, California 94102
Telephone:  (415) 948-3015
Facsimile:   (415) 469-9787